UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JOHNSON d/b/a
FIRST NATIONAL HOME
MANAGEMENT/CONSULTANT,

    Plaintiff,

v.

    Case No. 19-11213

    HON. GEORGE CARAM STEEH

WESTFIELD INSURANCE
COMPANY, a foreign Corporation,

    Defendant.
_____/

OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE

Defendant Westfield Insurance Company filed a motion to dismiss Plaintiff's claims on May 3, 2019. Westfield Insurance Company argues that Plaintiff is barred from bringing a breach of contract action because Plaintiff is not the named insured on the policy at issue. Plaintiff contends that Westfield included the wrong name on the policy. Whether this is the case cannot be properly discerned without further examination; for the reasons explained below, Defendant's motion is denied.

## BACKGROUND FACTS

Plaintiff Anthony Johnson, who does business under the assumed name First National Home Management/Consultant, asserts that he owns the insured property at 3838 Hurlbut, Detroit, Michigan. Plaintiff alleges that Defendant unlawfully denied his insurance claim after the 3838 Hurlbut property suffered extensive water damage. Plaintiff asserts that he has satisfied all conditions of his policy and that he timely reported the claim. Defendant has moved to dismiss the complaint for failure to state a claim on which relief can be granted. Defendant's primary assertion is that Plaintiff is not the policy holder and that the named insured is a corporation, National Home Consulting Property Management. Defendant states that Plaintiff cannot bring a breach of contract action because Plaintiff lacks privity, a prerequisite for a breach of contract action. In response, Plaintiff argues that the insurance policy contains a misnomer and he is the insured. In support of his argument, Plaintiff has submitted several documents including a quit claim deed, an assumed name certificate, a screenshot of a corporate search from Michigan's Department of Licensing and Regulatory Affairs, a bank statement, a screenshot of a bank account, and a letter from defendant Westfield. Defendant has moved to strike these exhibits and Plaintiff's response.

## LAW AND ANALYSIS

Defendant seeks dismissal of Plaintiff's breach of contract claim pursuant to Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal based upon the plaintiff's failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted).

In reviewing a motion to dismiss, courts may consider not only the complaint but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 323 (2007). The Sixth Circuit clarified that "in general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy

cannot reasonably be questioned." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). Furthermore, the court may consider exhibits attached to Defendant's motion to dismiss that are referenced in the complaint and are central to Plaintiff's claim. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

With this understanding, the court has the authority to take judicial notice of the quit claim deed, the assumed name certificate from the County of Wayne, and the screenshot of the corporate search from the Michigan Department of Licensing and Regulatory Affairs website. All three documents are public records. The court will not consider the bank statements, the screenshot of a bank record, or the letter from Westfield. Plaintiff's complaint makes no mention of these documents, they were not attached to the complaint, and they are personal documents of the Plaintiff.[1] The insurance policy, included by the Defendant in his motion to dismiss, and referenced in the complaint, will be considered. *Bassett*, 528 F.3d at 430.

In order to state a claim for breach of contract, a plaintiff must prove three elements, (1) there was a contract, (2) the other party breached the

---

[1] Although the court will not consider these documents, the court will not strike Plaintiff's response, as requested by Defendant.

contract, and (3) this breach resulted in damages to the party claiming breach. *Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 178 (2014). Defendant argues that there is no enforceable contract with the Plaintiff and that the insured is another entity who is not a party to this case. *See Nat'l Sand, Inc. v. Nagel Const., Inc.*, 182 Mich. App. 327, 331 (1990).

In support of his breach of contract allegation, Plaintiff asserts that he has an enforceable contract, complied with all conditions required of him, timely notified Defendant, and that he suffered economic damages due to Defendant's denial of his insurance claim. (Doc. 1, PgID 7). These claims, sufficiently stated, allow the court to assume their veracity. *Iqbal*, 129 S.Ct. at 1941. The insurance policy, however, names "National Home Consulting Property Management" as the insured, not Anthony Johnson or his assumed name, First National Home Management/Consultant. Plaintiff contends that this is a misnomer, a mistake on the part of the insurance company. "It is an old rule, and a sensible one, that the misnomer of a person or corporation in a written instrument will not defeat a recovery thereon, if the identity sufficiently appears from the name employed in the writing or is satisfactorily established by proof." *St. Matthew's Evangelical Lutheran Church v. U.S. Fidelity. & Guaranty. Co.*, 222 Mich. 256, 262 (1923); *see also PIM, Inc. v. Steinbicher Optical Technologies USA, Inc.*,

468 Mich. 896 (2003); *Duncan v. Tricho Salon & Spa, LLC*, No. 300446, 2011 WL 6061341, at *4 (Mich. Ct. App. Dec. 6, 2011).

In assessing the plausibility of the allegations, the important question to consider is whether Plaintiff's claim of an insurance contract, with Defendant's attached exhibit showing Plaintiff is not the named insured, along with the remaining factual allegations have "nudged [the] claims . . . across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1951. The court, as elucidated in *Iqbal*, is required to draw on its "judicial experience and common sense" when evaluating the plausibility of a claim. *Id.* at 1950.

The three exhibits attached to Plaintiff's response to Defendant's motion to dismiss, those that the court is allowed to take judicial notice of, demonstrate support for Plaintiff's allegations that there was indeed an enforceable contract. The assumed name certificate shows the name of Anthony Johnson's company and that the company was created in 2016, two years prior to the incident at 3838 Hurlbut. The quit claim deed allows the picture to develop further as it shows that one month subsequent, Anthony Johnson was given the deed to the Hurlbut property under his assumed name. According to the LARA corporate search, the named insured, National Home Consulting Property Management, does not exist as a corporation in Michigan. Plaintiff has plausibly argued the policy

contains a misnomer. Although Defendant argues the complaint does not plead misnomer, Defendant produces no authority that Plaintiff is required to do so in order to state a breach of contract claim.

Determining whether a complaint states a plausible claim for relief is a context-specific task. *Iqbal* at 1950. The public records together with Plaintiff's well-pled factual allegations do not prove Plaintiff's case categorically, but show a plausible claim for relief above the speculative level based on the court's judicial experience and common sense. *Id.*

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiff's complaint (Doc. 5) is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to strike (Doc. 7) is DENIED.

Dated: July 31, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk